IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID LEE SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 3:20-CV-104-ECM-JTA |
| CIRCLE K CORP, | ) ) ) |
| Defendant. | ) ) ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

This 42 U.S.C. § 1983 action is presently pending before the court on Plaintiff's claim that Circle K Stores, Inc. [1] violated his constitutional rights. (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 3.)

On June 1, 2020, this court entered an order with specific instructions for Plaintiff to amend his Complaint in this matter. (Doc. No. 7.) Plaintiff did not comply with the court's Order. On June 18, 2020, the Clerk of Court noted in the record that the order to amend was returned as undeliverable. On June 22, 2020, the court ordered Plaintiff to file, on or before July 13, 2020, his current address and to show cause why this case should not be dismissed for his failure to prosecute this action. (Doc. No. 8.) In said Order, Plaintiff

---

[1] Although Plaintiff named Circle K Corporation as the defendant, the court uses the entity's legal name.

was cautioned that his failure to show cause would result in a Recommendation by the undersigned that this case be dismissed due to his failure to prosecute the case. (*Id.*)

As of the present date, Plaintiff has failed to respond to the court's order of June 22, 2020. Because of Plaintiff's failure to comply with the court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

Accordingly, it is the RECOMMENDATION of the undersigned that this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that **on or before August 14, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which he objects. Plaintiff is advised that frivolous,

conclusive, or general objections will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of July, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE